UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BLACKROCK ENGINEERS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:15-cv-00250-D |
| | ) |
| DUKE ENERGY PROGRESS, LLC | ) |
| and AMEC FOSTER WHEELER | ) |
| ENVIRONMENT & INFRASTRUCTURE, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**
**(AS MODIFIED)**

Plaintiff BlackRock Engineers, Inc. ("BlackRock") and Defendants Duke Energy Progress LLC ("Duke Energy") and AMEC Foster Wheeler Environment & Infrastructure, Inc. ("AMEC") (collectively, "the Parties") agree that all or some possess information relating to the subject matter of this action that is confidential and recognize that in the course of discovery proceedings it may be necessary to disclose certain confidential or business proprietary information ("Confidential or Highly Confidential – Attorneys' Eyes Only Information"), but each party wishes to ensure that such information shall not be used for any purpose other than this action, and shall not be made public or be otherwise disseminated, beyond the extent necessary for purposes of this action.

This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential or Highly Confidential - Attorneys' Eyes Only Information.

Accordingly, the following procedure shall be adopted for the protection of Confidential Information and Highly Confidential - Attorneys' Eyes Only Information (collectively, "Protected Information") and to facilitate and expedite discovery in this action:

## Scope

1. This Protective Order includes in its scope any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed in the above-captioned case by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, electronic file, electronic storage media, deposition, a response to any type of written discovery, a submission to the Court, or otherwise ("Litigation Material"). Nothing in this Order shall obligate any Party or non-party to produce any Litigation Material to any other Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule. To the extent any Litigation Material belonging to non-parties is in the possession, custody, or control of a Party, and is permitted to be produced in this matter, it may be produced under the provisions of this Protective Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## Confidential Information

2. Any party to this action and any third party producing or providing information, documents, or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as confidential information ("Confidential Information" or "Highly Confidential - Attorneys' Eyes Only Information") any such information, electronic or physical document, or material that it reasonably and in good faith believes constitutes or contains trade secret information, personal information, including but not limited to, medical information, personal identity information, personnel file information of an employee of a party or of a third party, confidential, business proprietary, commercial, research, technical, sales, marketing, and

financial information, including income tax returns, schedules and W-2 and 1099 forms, or other commercially sensitive information that the Designating Party does not desire to disclose to third parties or to opposing parties or that the Designating Party would cause third parties to maintain in confidence, or information otherwise protectable under applicable law. The Confidential Information designation shall be made by affixing on the document, electronic file, media, or material containing such information a legend that in substance states: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party shall include, but is not limited to, a document (which includes an email and attachment), information contained in a document, electronic media, or electronic format, information revealed during a deposition, or information revealed in an answer to an interrogatory, request for admission, or request for production, any abstracts, summaries, or similar descriptive materials created or prepared from, or based upon, other Confidential or Highly Confidential – Attorneys' Eyes Only Information, but shall not, however, include privilege logs or work product indices of privileged information that is withheld from production.

3. Without further action, including without expressly labeling the information, documents, or other materials as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," all personal identifiers of any parties or third-parties, including but not limited to social security numbers, drivers' license numbers, personal addresses, personal telephone numbers and financial information, shall be deemed to be designated as Confidential Information.

## Use of Protected Information

4. No party, counsel, or other person receiving any document or thing that is designated as "Confidential" (the "Receiving Party") shall use, disclose, or permit the use or

disclosure of any such Confidential Information to any other person or entity, except to the following:

    a.    Any Receiving Party may review information designated as Confidential from a Producing Party that asserts a claim against it, or against which it asserts a claim;

    b.    The Court (including the Court(s) having jurisdiction of any appeal) and court personnel;

    c.    Outside counsel for the respective parties in the above-identified litigation and their clerical litigation support personnel and paralegals;

    d.    Any independent consultant, investigator, or expert not employed by a Party (collectively, "Expert") who is expressly retained or sought to be retained by any attorney described in paragraph 4(c) to assist in preparation of this action for trial, with disclosure only to the extent reasonably necessary to enable such Expert to render such assistance. The Expert shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A;

    e.    A deponent, but only during the course of his or her deposition, so long as the deponent is an employee of the Designating Party or the author or a named recipient of the document containing Confidential Information;

    f.    Court reporters and videographers; and

    g.    Personnel of third-party vendors engaged by a party or by Outside Counsel for a party to assist in (1) the coding, imaging or other management of documents produced in discovery in this litigation; (2) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (3) jury research and analysis, provided that such personnel of third-party vendors shall not be employees of a party.

5. Confidential Information designated as "Highly Confidential - Attorneys' Eyes Only," and the information contained therein, shall be disclosed only to the Court, to outside trial counsel for the parties (including the paralegal, clerical, litigation support, and secretarial staff employed by such outside trial counsel, as well as outside vendors contracted for the specific and limited functions of assisting outside trial counsel with the copying, coding, organizing, filing, converting, storing, retrieval, or presentation of data and trial exhibits connect with this action), and to the qualified persons listed in subparagraphs 4(d), (e), and (f) above, and shall not be disclosed to a party, or to an officer, director, agent, or employee of a party, unless otherwise agreed in writing by the parties or ordered by the Court. Further, the information contained in Confidential Information designated as "Highly Confidential - Attorneys' Eyes Only" shall not be transmitted in any manner (written, oral, or otherwise) to any persons or entities other than those identified in this paragraph 5.

6. Depositions or portions of depositions may be designated as containing Confidential or Highly Confidential - Attorneys' Eyes Only Information by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential or Highly Confidential - Attorneys' Eyes Only Information has been disclosed during a deposition, the court reporter shall include on the cover page a legend that in substance states: **"DEPOSITION CONTAINS CONFIDENTIAL [OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY] INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER."** No one may attend, view, or review the transcripts or the portions of any depositions at which Confidential Information is designated, shown or discussed, other than those persons authorized to have access to Confidential Information pursuant and subject to the respective provisions under paragraphs 4 and 5. Within thirty (30) days after the transcript is

delivered to the Designating Party, the Designating party may remove the **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** or **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY** designation on any portion of the deposition transcript by indicating page and line numbers (insofar as practicable).

7. If a party wishes to disclose Confidential or Highly Confidential - Attorneys' Eyes Only Information to any person or entity other than as described in paragraphs 4 through 6 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

8. Prior to obtaining access to Confidential or Highly Confidential - Attorneys' Eyes Only Information, any person to whom Confidential Information may be disclosed pursuant to paragraphs 4 through 7 hereof, except the Court, Court personnel, and court reporters, shall be shown and shall read a copy of this Protective Order. Prior to obtaining access to Confidential or Highly Confidential - Attorneys' Eyes Only Information, any person to whom Confidential or Highly Confidential - Attorneys' Eyes Only Information may be disclosed pursuant and subject to paragraphs 4(d) or (g) or 5 hereof, except the Court, Court personnel, and court reporters, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment A shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record, except that a Confidentiality Acknowledgment signed by a person acting as a non-testifying consulting expert for one of the parties need not be provided to opposing counsel or counsel for a

third party, until such time that such person seeks access to the Protected Information of an opposing party or third party.

9. Before filing any information that has been designated Confidential or Highly Confidential – Attorneys' Eyes only Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal

does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

### Approval of Proposed Expert or Consultant

10. A consultant or expert retained by a Receiving Party may receive the Protected Information of a Producing Party only after the following conditions have been satisfied: (i) the proposed consultant or expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement and the proposed consultant's or expert's curriculum vitae have been served on the Producing Party (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party, (3) a list of other cases in which they have testified (at trial or deposition) within the last five years, and (4) a list of all companies with which they have consulted or by which they have been employed within the last five years, or, if the identity of the employer is confidential, a detailed description of the engagement and a statement that the employer was not a Party or a known competitor of a Party); and (iii) the Producing Party has not objected to the proposed consultant or expert pursuant to Paragraph 11, or the Court has ruled on an application by the Receiving Party that the proposed consultant or expert may receive Protected Information of the Producing Party.

11. A Producing Party shall have seven (7) business days from the date of electronic mail service of the materials and information served pursuant to Paragraph 10, to object to a proposed expert or consultant. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. If a written notice of objection is served within the period provided in this Paragraph for objections, no designated

information of the Producing Party shall be disclosed to the proposed person until the objection is resolved by agreement or by an order of the Court.

12. If an objection is received pursuant to Paragraph 11, the Party seeking to disclose Protected Information to the proposed expert or consultant must move for an order of the Court authorizing disclosure of Protected Information to the proposed expert or consultant.

13. The failure of a Producing Party to object to the receipt of its Confidential or Highly Confidential – Attorneys' Eyes Only Information by an expert or consultant designated by a Receiving Party under Paragraph 10 shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's Confidential or Highly Confidential – Attorneys' Eyes Only Information.

14. The Parties agree that the following information shall not be discoverable: (i) drafts of expert declarations or reports; (ii) communications between a Consultant or Expert and any attorney for the party retaining the Consultant or Expert pertaining to the preparation of any report, declaration, or trial testimony of that Consultant or Expert, or otherwise in connection with that person's engagement for this Action,; (iii) all notes, memoranda, or other writings prepared by a Consultant or Expert in connection with that person's engagement for this Action, except to the extent that the Consultant or Expert relies upon such notes, memoranda, or other writings to form his or her own opinion(s). The Parties further agree that the information excluded from discovery under this Paragraph shall be attorney work product.

### Confidentiality Designation

15. A party may designate a document, electronic file, electronic media as Confidential or Highly Confidential - Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document, file or media, and on all copies in a manner that will not interfere with the legibility of the document or cover the content of the protected item. As used in this Order, "copies" includes any reproduction, depiction, or sample of electronic images, duplicates, extracts, audio, video tape, computer disk, hard drive, summaries or descriptions that contain the Confidential or Highly Confidential - Attorneys' Eyes Only Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Highly Confidential - Attorneys' Eyes Only Information are not required to be marked. The designation of a document as Confidential or Highly Confidential - Attorneys' Eyes Only Information is a certification by an attorney or a party

appearing pro se that the document contains Confidential or Highly Confidential - Attorneys' Eyes Only Information as defined in this order.

### Challenges to Confidentiality Designations

16. The designation of any material or document as Confidential or Highly Confidential - Attorneys' Eyes Only Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    a. **Meet and Confer.** Any party may object to a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation by notifying the Designating Party in writing of that objection. The parties shall, within ten (10) days of service of the written objection, confer concerning the objection.

    b. **Judicial Intervention.** If the objection is not resolved, the objecting party shall, within ten (10) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will remain designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If a motion is filed, documents, materials and/or information subject to dispute shall, until further order of the Court, be treated as Confidential or Highly Confidential - Attorneys' Eyes Only Information subject to all requirements herein. With respect to any document, material and/or information that the Court deems Confidential or Highly Confidential - Attorneys' Eyes Only Information or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party that so requests additional copies thereof from which the Court has ordered confidentiality legends affixed hereunder removed.

### Inadvertent Failure to Designate

17. An inadvertent failure to designate a document as Confidential or Highly Confidential - Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. At such time, arrangements shall be made for the return to the Designating Party of all copies of the undesignated documents and for the substitution, where appropriate, of designation.

18. If a party designates a document as Confidential or Highly Confidential - Attorneys' Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential - Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential - Attorneys' Eyes Only Information.

### Inadvertent or Unintentional Production of Privileged Information

19. The production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party in writing of the production within ten (10) business days after its discovery of same by the Producing

Party. Provided the above notice procedures are followed, the attorney-client privilege or work product doctrine is not waived by disclosure in this litigation.

20. Upon written notice of a production of a privileged document by the Producing Party (or oral notice if notice must be delivered at a deposition), the Receiving Party must promptly return or destroy the specified document and any hard copies the Receiving Party has, and may not use or disclose the information. To the extent that the Producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the Receiving Party, the Producing Party shall bear the costs of the return or destruction of such electronic copies.

21. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, the Receiving Party will sequester such documents until the claim has been resolved. If the Receiving Party discloses the specified information before being notified of its production, it must take reasonable steps to retrieve the information until the claim is resolved.

22. If any Receiving Party is in receipt of a document from a Producing Party that the Receiving Party has reason to believe was mistakenly produced by the Producing Party, the Receiving Party shall in good faith take reasonable steps to notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether such document was unintentionally produced.

23. The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the documents to be returned or destroyed, but the bases for such a motion may not include the fact or circumstances of the

unintentional production unless the Producing Party did not comply with the notice requirement contained in the Inadvertent or Unintentional Disclosure of Privileged Information Provision.

## Other Protections

24. **General Protections.** Confidential or Highly Confidential - Attorneys' Eyes Only Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal therefrom.

25. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential - Attorneys' Eyes Only Information to any third person or entity except as set forth in paragraphs 4-8.

26. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential - Attorneys' Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

27. Nothing in this Protective Order shall be deemed to restrict in any manner the use by a Designating Party of any Confidential or Highly Confidential - Attorneys' Eyes Only Information in its own documents and materials.

28. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential or Highly Confidential - Attorneys' Eyes Only Information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential or Highly Confidential - Attorneys' Eyes Only Information, until the Designating Party has had reasonable time to take appropriate steps

to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

29. This Protective Order shall not prevent any of the parties from moving the Court for an order that Confidential Information or Highly Confidential - Attorneys' Eyes Only may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

30. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential - Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential - Attorneys' Eyes Only

Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

31. The Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

32. It is expressly contemplated that the protections of this Protective Order apply to non-parties.

33. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential and Highly Confidential - Attorneys' Eyes Only Information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall, at the sole option of the Designating Party, destroy such information. However, documents or materials that contain Confidential or Highly Confidential - Attorneys' Eyes Only Information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party but shall be destroyed within the same time frame.

34. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential - Attorneys' Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential - Attorneys' Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential or Highly Confidential - Attorneys' Eyes Only Information shall continue to be protected under this Order. An attorney may use his

or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential - Attorneys' Eyes Only Information.

35. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

36. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential - Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

37. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*********************
## COURT'S APPROVAL AND MODIFICATIONS

This Stipulated Protective Order is the subject of the parties' joint motion for entry thereof at D.E. 47 and is in the form proposed at D.E. 47-1, except as provided herein. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Stipulated Protective Order, subject to the following modifications:

1. A party may designate any information, documents, material, or other things as confidential or highly confidential pursuant to paragraphs 2 and 15 only if such party believes in good faith that such information, documents, material, or other things qualify for protection under Federal Rule of Civil Procedure 26(c).

2. The extent to which this court retains jurisdiction over this litigation for enforcement of the provisions of this Stipulated Protective Order following the final resolution of this litigation shall be determined in accordance with law, notwithstanding any contrary provisions in paragraph 31.

SO ORDERED, this 9th day of September 2016.

_____
James E. Gates
United States Magistrate Judge

## ATTACHMENT A

| | |
|---|---|
| BLACKROCK ENGINEERS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:15-cv-00250-D |
| | ) |
| DUKE ENERGY PROGRESS, LLC and AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC. | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ being duly sworn on oath, state the following:

1. My address is _____.

2. My present employer is _____.

3. My business address is _____.

4. My occupation is _____.

5. I have been retained by _____ [party] to _____ [role/expert etc.] in this action.

6. If applicable, in the past 5 years, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary): _____ _____.

7. I have read and understand the Protective Order and I attest to my understanding that access to information designated as Confidential or Highly Confidential - Attorneys' Eyes Only Information may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

8. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential or Highly Confidential - Attorneys' Eyes Only information. I also shall return all Confidential and Highly Confidential - Attorneys' Eyes Only Information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented