IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-250-D

BLACKROCK ENGINEERS, INC., )
)
               Plaintiff, )
)
v. )      **ORDER**
)
DUKE ENERGY PROGRESS, LLC, and )
AMEC FOSTER WHEELER ENVIRONMENT )
AND INFRASTRUCTURE, INC., )
)
               Defendants. )

On August 1, 2017, defendant Duke Energy Progress, LLC ("Duke Energy") moved to amend its answer and add a counterclaim for fraud on the Copyright Office against plaintiff Blackrock Engineers, Inc. ("Blackrock") [D.E. 56]; Am. Answer [D.E. 56-1] 29–35. On December 14, 2017, the court granted the motion to amend [D.E. 75], and the amended answer was filed that date. On January 4, 2018, Blackrock moved to dismiss the fraud counterclaim for failure to state a claim [D.E. 80] and filed a memorandum in support [D.E. 81]. On January 25, 2018, Duke Energy responded [D.E. 85]. On February 8, 2018, Blackrock replied [D.E. 88] and filed a declaration in support [D.E. 89]. On January 10, 2018, defendant AMEC Foster Wheeler Environment and Infrastructure, Inc. ("AMEC") filed an unopposed motion to amend its answer to include a new affirmative defense for fair use [D.E. 82] and filed a memorandum in support [D.E. 83]. As explained below, the court denies as untimely Blackrock's motion to dismiss and grants AMEC's motion to amend its answer.

As for Blackrock's motion to dismiss Duke Energy's fraud counterclaim, Rule 15(a)(3) provides: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). In contrast to Rule 15(a)(3),

Rule 12(a)(1)(B) requires a party to "serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). The 14-day deadline in Rule 15(a)(3), not the 21-day deadline in Rule 12(a)(1)(B), applies where a party raises a counterclaim in a pleading amended under Rule 15. See, e.g., Gen. Mills, Inc. v. Kraft Foods Global, Inc., 495 F.3d 1378, 1379 (Fed. Cir. 2007); Meredith v. Weilburg, No. 3:13-CV-277-RJC-WGC, 2014 WL 3697111, at *3 (D. Nev. July 23, 2014) (unpublished); H.C. Duke & Son, LLC v. Prism Marketing Corp., No. 4:11-CV-4006-SLD-JAG, 2013 WL 6049806, at *1 (C.D. Ill. Nov. 15, 2013) (unpublished). Here, Blackrock's motion to dismiss was due by December 28, 2017, which was 14 days after Duke Energy amended its answer to add a fraud counterclaim. See [D.E. 80, 75]; see also Fed. R. Civ. P. 6. Blackrock, however, did not file its motion to dismiss the fraud counterclaim until January 4, 2018. Thus, it is untimely.

In opposition to this conclusion, Blackrock argues that the counterclaim was a "supplemental" pleading instead of an "amended" pleading under Rule 15 and that it had 21 days to file the motion to dismiss. See Fed. R. Civ. P. 15(d); [D.E. 88] 1–2. A court may permit supplemental pleadings which describe "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); see 6A Wright, Miller & Kane, Federal Practice & Procedure § 1504 (3d ed. 2010) ("The rule is somewhat narrower in scope than its predecessor, Equity Rule 34, because it does not expressly apply to pre-action matters of which a party was ignorant at the time the original pleading was filed (these matters may be raised under Rule 15(a)) but embraces only events that have happened 'after the date of the pleading to be supplemented.'"); cf. Gen. Inv. Co. v. Lake Shore & M.S. Ry., 260 U.S. 261, 281–82 (1922). Although Blackrock correctly identifies that responses to supplemental pleadings are not subject to the 14-day limit in Rule 15(a)(3), the fraud counterclaim contained in Duke Energy's amended answer is not "truly 'supplemental' [because] it does not relate to events alleged to have taken place since the prior answer was filed." Romero v. Barnett, No. DKC 09–2371, 2011

2

WL 1938147, at *1 n.2 (D. Md. May 20, 2011) (unpublished); see Am. Answer at 29–35.

> Amended and supplemental pleadings differ in two respects. The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings.

6A Wright, Miller & Kane, Federal Practice & Procedure § 1504 (3d ed. 2010). The transactions, occurrences, and events which serve as the factual bases for the fraud counterclaim occurred before Duke Energy filed its answer on October 7, 2016. See [D.E. 55]; Am. Answer 29–35. Additionally, the motion to amend, the order granting the motion to amend, the docket, and Blackrock's memorandum in support of its motion to dismiss, all style the pleading in question as an amended answer and not as a supplemental answer. See [D.E. 56, 56-1, 75, 81]. Accordingly, the court denies as untimely Blackrock's motion to dismiss the fraud counterclaim.

As for AMEC's motion to amend, a party generally may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Further amendments are allowed "only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." Id. 15(a)(2). Leave should not be granted when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986); see Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011).

AMEC moves to amend its answer to add an affirmative defense discovered during this litigation. The motion is unopposed. Furthermore, there is no evidence that AMEC knew or should have known of this defense earlier in the litigation or that its delay in seeking amendment is made in bad faith. Moreover, the new defense is not futile. Thus, the court grants AMEC's motion [D.E. 82].

In sum, Blackrock's motion to dismiss [D.E. 80] is DENIED as untimely. AMEC's unopposed motion to amend its answer [D.E. 82] is GRANTED.

SO ORDERED. This 31 day of May 2018.

                                    JAMES C. DEVER III
                                    Chief United States District Judge