IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-250-D

| | |
|---|---|
| BLACKROCK ENGINEERS, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DUKE ENERGY PROGRESS, LLC; AMEC FOSTER WHEELER ENVIRONMENT AND INFRASTRUCTURE, INC., | ) |
| Defendants. | ) |

This case comes before the court on a motion (D.E. 77) by plaintiff BlackRock Engineers, Inc. ("plaintiff") to compel supplemental responses to requests for production of documents nos. 12, 14, 17, 18, 24, 47, and 50-60 in its first set of discovery requests to defendant Duke Energy Progress, LLC ("defendant"). Defendant opposes the motion. *See* Def.'s Mem. (D.E. 84). For the reasons set forth below, the motion will be denied.

I. **BACKGROUND**

Plaintiff commenced this action on 24 November 2015. *See* Compl. (D.E. 1). The claims arise from a contractual relationship between plaintiff and a predecessor of defendant, which defendant assumed. Am. Compl. (D.E. 5) 2 ¶¶ 2, 4. Pursuant to the contractual relationship, plaintiff was authorized to provide landfill engineering services and support for the operation, expansion, and close out of Roxboro Landfill for coal ash storage. *Id.* at 2 ¶ 3. Following the termination of the parties' contractual relationship, plaintiff alleges that defendant copied plaintiff's technical documents and furnished them to replacement contractors. *Id.* at 3 ¶ 10; 4 ¶ 13. Plaintiff contends that the unauthorized use of its technical documents amounted to copyright

infringement under United States copyright laws (*id.* ¶¶ 129-138); breach of contract (*id.* ¶¶ 139-146); unjust enrichment (*id.* ¶¶ 147-153); conversion and misappropriation (*id.* ¶¶ 154-161); unfair competition (*id.* ¶¶ 162-165); trademark infringement under North Carolina trademark law (*id.* ¶¶ 166-172); and violation of the North Carolina Unfair and Deceptive Trade Practices Act (*id.* ¶¶ 173-179). Defendant denies the material allegations of the amended complaint and asserts a number of affirmative defenses as well as a counterclaim for declaratory judgment of fraud on the Copyright office. *See generally* Am. Ans. & Counterclaim (D.E. 99). Plaintiff denies the material allegations of the counterclaim. *See generally* Ans. to Counterclaim (D.E. 98).

Plaintiff served its first requests for production of documents (Prod. Reqs. (D.E. 77-2)) addressed to defendant on 21 December 2016. On 20 February 2017, defendant served its responses to the production requests. *See* Resp. to Prod. Reqs. (D.E. 77-3). Although defendant objected to the discovery requests at issue and all the other requests, it served on plaintiff over 10,000 pages of documents on the same date. Pl.'s Mot. ¶ 8. On 31 May 2017, defendant served an additional 18,000 pages of documents on plaintiff. *Id.* ¶ 10. On 6 September 2017, plaintiff wrote defendant a letter addressing defendant's objections to each of the production requests in issue (as well as objections to other requests). 6 Sept. 2017 Ltr. (D.E. 77-6) 2-6.[1] In a letter dated 29 September 2017, the last day of discovery, defendant responded that it had produced documents responsive to all the requests at issue except for request no. 14 which it did not address. 29 Sept. 2017 Ltr. (D.E. 77-7) 3, 4; 18 Aug. 2017 Ord.(D.E. 60) (amending Sch. Ord. (D.E. 52)). On that same day, defendant produced an additional 8000 pages of documents. Pl.'s Mot. ¶ 14.

---

[1] Citations in this Order are to the page numbers assigned by the court's CM/ECF electronic filing system.

On 19 December 2017, plaintiff sent defendant an email requesting that defendant identify to which of various specified production requests, including the requests at issue other than request no. 14, the documents it had produced are responsive. Pl.'s 19 Dec. 2017 Email (comprising p. 6 of D.E. 77-5). Defendant responded by email the next day indicating that it was preparing a substantive response, but that the holiday would cause some delay. Def.'s 20 Dec. 2017 Email (comprising p. 7 of D.E. 77-5).

Plaintiff filed its motion to compel on 29 December 2017. Defendant opposes it on the grounds that it is untimely, does not comply with the applicable conferral requirements, and seeks production of documents defendant has already produced. *See* Def.'s Mem.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel

discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 does not specify a deadline for the filing of motions to compel. However, Local Civil Rule 7.1(a), E.D.N.C., concerning motion practice, provides that "[a]ll motions in civil cases except those relating to the admissibility of evidence at trial must be filed on or before 30 days following the conclusion of the period of discovery." Local Civ. R. 7.1(a), E.D.N.C.

4

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

### III. ANALYSIS

The initial ground upon which defendant urges the court to deny plaintiff's motion to compel is that it was not filed within the time permitted by Local Civil Rule 7.1(a) and plaintiff has not justified the delay. The court agrees.

As noted, discovery in this case closed on 29 September 2017. Under Local Civil Rule 7.1(a), plaintiff's motion was due within 30 days of that date, which was 30 October 2017. Plaintiff did not file its motion until 29 December 2017, almost two months after this deadline.

Surprisingly, plaintiff does not even address in its motion or supporting memorandum its failure to comply with Local Civil Rule 7.1(a). Instead, it argues that its motion is timely because Rule 37 of the Federal Rules does not set a specific deadline for a party to file a motion to compel. In fact, of course, Local Civil Rule 7.1(a) serves to address the omission from Federal Rule 37 of a deadline for motions to compel. Plaintiff's failure to comply with the deadline alone serves as an independent basis for denial of its motion. *See Armstrong v. Yopp Props., LLC*, No. 7:13-cv-235-FL, 2015 WL 627951, at *5 (E.D.N.C. 12 Feb. 2015) (denying plaintiff's motion to compel

as untimely for failure to comply with Local Civil Rule 7.1); *see also Hanson v. Owens*, No. 5:14-CT-3078-D, 2015 WL 13214282, at *2 (E.D.N.C. 16 Oct. 2015) (denying motion to compel for failure to comply with court's local rules).

Plaintiff offers as justification for the timing of its motion the fact that it was attempting to resolve the matter without court intervention and that defendant misled it in its 29 September 2017 letter as to whether the documents it now seeks had already been produced, "thereby preventing [plaintiff] from moving in good faith for a motion to compel production." Pl.'s Mem. 9. The court finds plaintiff's justification unconvincing. Even assuming defendant inaccurately indicated in its 29 September 2017 letter that it had produced all responsive documents, plaintiff as of that date had all 36,000 pages of the documents in defendant's production and had had the vast majority—about 28,000—for about four months. It is inconceivable that had plaintiff acted with due diligence it could not have completed its review of defendant's production in time to meet the 30 October 2017 deadline for filing a motion to compel, including engaging in the required conferral beforehand. The notion that plaintiff would have required an additional two months beyond this deadline, until the actual filing date of 29 December 2017, to complete the review—representing about seven months for the initial 28,000 pages of production and three months for the remaining 8,000 pages—is even less credible. Indeed, while plaintiff now contends that the documents it seeks by its motion to compel are critical to the prosecution of its case, its lack of diligence in pursuing production of these materials from defendant belies this contention.

Independent of the tardiness of plaintiff's motion, defendant argues and the court agrees that the motion does not contain the certification required by Federal Civil Rule 37 and Local Civil Rule 7.1(c) that it conferred in good faith to resolve the instant dispute prior to filing its motion.

And counsel's exchange of emails on 19 and 20 December 2017 shows that plaintiff did not confer as required.

As previously noted, plaintiff's 19 December 2017 email raised concerns relating to defendant's 29 September 2017 letter. The email states:

> In your letter of Sept. 29, 2017 responding to our letter of September 6, 2017, you comment with regard to all of BlackRock's subject document requests, except for No. 36, that Duke Energy has produced or provided responsive documents. Your letter was sent to us simultaneously with the third production of Duke Energy's documents numbering over 8,000 pages. We reviewed the third document production, and found that no "financial" documents were included in the third production. Therefore, your letter of Sept. 29, 2017 tells us that documents responsive to BlackRock's requests Nos. 6, 7, 12, 13, 15, 16, 37, 41, 42, 17, 18, 24, 47 and 50-60 were included in Duke Energy's first two productions. However, we have reviewed the documents included in the first two productions, and have found no documents responsive to these requests.
>
> Therefore, in view of the comments in your Sept. 29 letter, please identify by Bates number those documents you have produced to BlackRock which are responsive to BlackRock's requests Nos. 6, 7, 12, 13, 15, 16, 17, 37, 41, 42, 17, 18, 24, 47, and 50-60. It is BlackRock's position that Duke Energy's obligations to properly respond to discovery initiated prior to the close of discovery continues, and that a response to BlackRock's demand herein is appropriate even though the discovery deadline has past.

Pl.'s 19 Dec. 2017 Email.

Defendant's counsel indicated in his reply email that a substantive response would be forthcoming:

> I acknowledge receipt of your message below, and am preparing a substantive response.
>
> Please note that your questions about document productions that are 5-10 months old will likely not be answered immediately because the person with knowledge of the productions is out of the office this week because of the holiday.
>
> As such, I will provide you a response in due course.

Def.'s 20 Dec. 2017 Email.

Without receiving a further response from defense counsel or giving notice to defendant, plaintiff filed its motion on 29 December 2017, only six business days later, including two days on which plaintiff had been told that the person with knowledge of defendant's production was out of the office. In the motion, plaintiff contends that "[a]fter concluding that [plaintiff] had not—and likely would not—receive the documents responsive to its Financial Requests [*i.e.*, the production requests in dispute], [plaintiff] decided to prepare and file the present Motion to Compel." Pl.'s Mem. 4.

The email correspondence between counsel reveals that the conferral process had not been completed prior to the filing of plaintiff's motion. The delay sought by defense counsel in responding substantively to plaintiff's email was manifestly reasonable and of the type generally accommodated in light of the delay in plaintiff's raising the question in the first instance and the timing around the holidays.

In short, plaintiff's decision to proceed with the filing of the motion deprived the parties of a meaningful opportunity to resolve their dispute without court intervention. The entire motion is therefore subject to dismissal on this basis as well. *See Davenport v. Elks*, No. 5:13-CT-3203-BO, 2015 WL 7306446, at *3 (E.D.N.C. 19 Nov. 2015) (denying motion to compel in part because plaintiff did not "attempt in good faith to resolve the majority of these issues with counsel prior to filing the motion"); *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

The court will accordingly deny plaintiff's for failure to comply with the timeliness and certification requirements of Local Civil Rule 7.1. It therefore does not reach the other grounds asserted by defendant for denial of the motion.

## IV. CONCLUSION

For the reasons stated, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (D.E. 77) is DENIED.

2. The court finding that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (B)

SO ORDERED, this 17th day of September 2018.

James E. Gates
United States Magistrate Judge