IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-250-D

BLACKROCK ENGINEERS, INC., )
)
               Plaintiff, )
)
v. )    **ORDER**
)
DUKE ENERGY PROGRESS, LLC, and )
AMEC FOSTER WHEELER ENVIRONMENT )
AND INFRASTRUCTURE, INC., )
)
               Defendants. )

On December 10, 2017, Duke Energy Progress, LLC ("Duke Energy" or "defendant") moved under Federal Rule of Civil Procedure 37(c)(1) to preclude BlackRock Engineers, Inc. ("BlackRock" or "plaintiff") from seeking monetary damages at trial [D.E. 73] and filed a memorandum in support [D.E. 74]. On December 26, 2017, BlackRock responded in opposition [D.E. 76]. As explained below, the court denies Duke Energy's motion.

I.

On August 5, 2016, BlackRock served its initial disclosures on Duke Energy and provided the following information concerning damages:

> Defendant has not completed its computation of its claimed damages under each remaining count of the Complaint, but such analysis is in progress. These Initial Disclosures will be supplemented when Plaintiff's damages analysis is completed by furnishing Defendants with relevant non-privileged data upon which this analysis is based. Plaintiff requires certain disclosures from Defendants to complete it[s] analysis.

[D.E. 73-1] 6. On March 14, 2017, Duke Energy served BlackRock with interrogatories and a request for production of documents. Interrogatory number 10 asked BlackRock to describe all damages and relief and the basis for such requested relief. See [D.E. 73-3] 8–9. On May 19, 2017, BlackRock responded by stating that its "damages and relief analysis is presently being conducted,

and will be finalized once BlackRock has completed its review of all documents furnished by Duke Energy to BlackRock through BlackRock's discovery, and BlackRock determines the extent of Duke Energy's unlawful copying of BlackRock's copyrighted materials...." Id. at 9. On May 22, 2017, BlackRock provided similar information in response to Duke Energy's request for the production of documents. See [D.E. 73-5] 10. Specifically, in response to production request number 27 that sought "[a]ll documents reflecting or relating to BlackRock's contention . . . that Duke Energy has obtained gains, profits, and advantages as a result of Duke Energy's allegedly wrongful actions," BlackRock stated:

> BlackRock understands this request as seeking documents related to BlackRock's damages analysis, which analysis is still ongoing and has not been completed. Neither Duke Energy nor Amec have completed their responses to BlackRock's document requests, which has prevented BlackRock from determining the full amount of the alleged unlawful copying . . . . Notwithstanding this understanding, BlackRock will produce documents evidencing the gains, profits and advantages inuring to Duke Energy as a result of Duke Energy's allegedly wrongful actions.

Id.

On September 6, 2017, after reviewing over 28,000 pages of documents, BlackRock informed Duke Energy that it had not received any financial documents that would enable it to calculate damages, requested additional documents, and suggested that the parties meet and confer to discuss the requests. See [D.E. 76-7] 3–6. On September 29, 2017, the discovery period closed. See [D.E. 60]. On the same day, Duke Energy objected to BlackRock's request for additional documents and told BlackRock that it had "ample opportunity to challenge Duke Energy's written responses, objections, and document production." [D.E. 76-8] 2–4. Duke Energy also produced approximately 8,000 additional documents. See [D.E. 76-9]. On November 22, 2017, BlackRock served Duke Energy with a supplemental response to interrogatory number 10, which provided a computation of damages. See [D.E. 73-7].

In its motion to exclude, Duke Energy argues that BlackRock did not disclose any damages calculations and supporting documentation as required under Federal Rule of Civil Procedure

2

26(a)(1)(A)(iii) until two months after discovery closed. See [D.E. 74] 2. Duke Energy contends that BlackRock only provided it with vague discovery responses concerning damages in an attempt to hide the ball and surprise Duke Energy. See id. In opposition, BlackRock argues that Duke Energy caused its late disclosure because Duke Energy failed to produce requested documents and produced approximately 8,000 documents on the last day of the discovery period. See [D.E. 76] 2.

## II.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose to its opposing party "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party cannot fulfill this requirement by providing "undifferentiated financial statements; it requires a 'computation,' supported by documents." Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006); see Bullard v. Roadway Express, 3 F. App'x 418, 420–21 (6th Cir. 2001) (per curiam) (unpublished); Frontline Med. Assocs., Inc. v. Coventry Health Care, 263 F.R.D. 567, 569 (C.D. Cal. 2009); Shock v. Aerospace Integration Corp., No. 3:08cv304/RV/EMT, 2009 WL 595923, at *4–5 (N.D. Fla. Mar. 6, 2009) (unpublished). A party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations. See, e.g., Design Strategy, Inc., 469 F.3d at 295.

Rule 26(e) requires a party to "supplement or correct its [Rule 26(a)] disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). When a party receives additional documents that it intends to use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement its Rule 26(a)(1)(A)(iii) computation. See Bresler v. Wilmington Tr. Co., 855 F.3d 178, 189–93 (4th Cir. 2017); Morrison Knudsen Corp. v. Fireman's

Fund Ins. Co., 175 F.3d 1221, 1229 n.2 (10th Cir. 1999); Hertz v. Luzenac Am., Inc., No. CIVA04CV1961LTBCBS, 2006 WL 994431, at *10 (D. Colo. Apr. 13, 2006) (unpublished).

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) provides trial courts wide discretion to remedy violations of Rule 26(a) or Rule 26(e). In exercising its "broad discretion," a trial court determines whether a party's failure to comply with Rule 26(a) or Rule 26(e) was "substantially justified or is harmless" by considering

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); see Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396–97 (4th Cir. 2014). The first four factors relate to harmlessness, and the final factor relates to substantial justification. See Hill v. Coggins, 867 F.3d 499, 507–08 (4th Cir. 2017); MCI Commc'ns Servs., Inc. v. Am. Infrastructure-MD, Inc., No. GLR-11-3767, 2013 WL 4086401, at *8 (D. Md. Aug. 12, 2013) (unpublished). The nondisclosing party bears the burden of showing that the failure to disclose was substantially justified or harmless. See S. States, 318 F.3d at 596.

A.

Rule 26(e) required BlackRock to supplement its Rule 26(a)(1)(A)(iii) disclosure concerning damages "in a timely manner." BlackRock did not provide Duke Energy with its computation of damages and supporting documentation until November 22, 2017, nearly two months after discovery closed. Thus, the court must examine the Southern States factors and determine whether BlackRock's untimely disclosure was substantially justified or harmless.

As for the first factor, Duke Energy argues that it is surprised and prejudiced because it was "under the impression that this was not a damages case." [D.E. 74] 2. The court rejects the

4

argument. BlackRock included a claim for damages in its complaint. See Compl. [D.E. 1] ¶¶ 136, 146, 161, 171, 177–78. BlackRock also repeatedly notified Duke Energy that it was calculating its damages and that it needed additional information from Duke Energy to complete the calculation. See, e.g., [D.E. 73-5] 10; [D.E. 76-6] 9; [D.E. 76-7]. Moreover, Duke Energy knew that BlackRock had not yet provided a computation of damages but did not move to compel this disclosure. See, e.g., NetJumper Software LLC v. Google, Inc., No. 04-70366, 2014 WL 12660542, at *6 (E.D. Mich. Feb. 25, 2014) (unpublished); Susilo v. Wells Fargo Bank, N.A., No. CV 11-1814 CAS (PJWx), 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012) (unpublished). Accordingly, this factor weighs in favor of BlackRock.

As for the second and third factors, any surprise to Duke Energy can be cured "without derailing the court's effort to achieve a just and timely resolution of this case." Pennington Partners, LLC v. Midwest Steel Holding Co., 271 F.R.D. 462, 464 (D. Md. 2010); see SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP, No. 5:10-CV-101-H, 2012 WL 12914641, at *4 (E.D.N.C. Dec. 11, 2012) (unpublished); cf. Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2012 WL 1596722, at *6–10 (E.D.N.C. May 7, 2012) (unpublished) (precluding evidence concerning damages when evidence was first produced one week before trial). Dispositive motions are not due until September 21, 2018, and a trial date has not yet been set. Thus, the court can extend discovery for a brief period for the limited purpose of allowing Duke Energy to conduct depositions concerning BlackRock's damages computation. See, e.g., Prusin v. Canton's Pearls, LLC, No. JKB-16-605, 2017 WL 3492163, at *5 (D. Md. Aug. 15, 2017) (unpublished), report and recommendation adopted by No. JKB-16-0605, 2018 WL 620473 (D. Md. Jan. 30, 2018) (unpublished); cf. Carotek, Inc. v. Textron Fastening Sys., Inc., No. 3:05-CV-395-MKR-DCK, 2008 WL 1777829, at *4 (W.D.N.C. Apr. 16, 2008) (unpublished). Accordingly, the second and third factors weigh in favor of BlackRock.

As for the fourth factor, proving damages is important to BlackRock's case. See, e.g., United States v. Cochran, No. 4:12-CV-220-FL, 2014 WL 347426, at *8 (E.D.N.C. Jan. 30, 2014) (unpublished); Silicon Knights, 2012 WL 1596722, at *8. Moreover, precluding BlackRock from presenting any evidence concerning damages is an excessive sanction because any harm to Duke Energy can be remedied. See, e.g., Wiseman v. Walmart Stores, Inc., No. 1:16-cv-04030-SAG, 2017 WL 2865013, at *3 (D. Md. July 5, 2017) (unpublished). Accordingly, the fourth factor weighs in favor of BlackRock.

As for the fifth factor, "[a] circumstance out of the nondisclosing party's control can be an adequate explanation for nondisclosure." Vir2us, Inc. v. Invincea, Inc., 235 F. Supp. 3d 766, 778 (E.D. Va. 2017); see Samsung Elecs. Co. v. Nvidia Corp., 314 F.R.D. 190, 199–200 (E.D. Va. 2016). BlackRock contends that this factor weighs in its favor because "BlackRock could not determine during the discovery period how many drawings Duke Energy copied, or the profits Duke Energy gained as a result of its copying" because Duke Energy served on BlackRock an additional 8,000 pages of documents on the last day of discovery. [D.E. 76] 10. In opposition, Duke Energy argues that BlackRock's supplemental damages computation relied on information that BlackRock had before filing its complaint. See [D.E. 74] 9. Although some evidence justifies BlackRock's late disclosure, this factor tilts in favor of Duke Energy. BlackRock knew that it was waiting on additional discovery documents from Duke Energy but did not move to modify the scheduling order or to compel Duke Energy to produce the documents. See, e.g., Doe v. AE Outfitters Retail Co., No. WDQ-14-0508, 2015 WL 132609, at *4 (D. Md. Jan. 8, 2015) (unpublished).

III.

In sum, the court DENIES Duke Energy's motion to preclude BlackRock from introducing evidence concerning monetary damages at trial [D.E. 73]. The court extends the discovery period until October 12, 2018, to permit Duke Energy to depose witnesses concerning BlackRock's damages. Dispositive motions are due no later than November 13, 2018.

SO ORDERED. This 18 day of September 2018.

JAMES C. DEVER III
Chief United States District Judge